UNITED STATES DISTRICT COURT

NORTHERN DISTRICT COURT

EASTERN DIVISION

JAMES SHAEFFER,

    Plaintiff,

vs

PULTE HOME CORPORATION,
d/b/a DEL WEBB,
a foreign corporation,

    Defendants.

Case No.
Honorable

_____/

DAILEY LAW FIRM, PC
Brian T. Dailey (P39945)
Attorney for Plaintiff
28000 Woodward Ave., Ste. 201
Royal Oak, MI 48067
P: (248) 744-5005
F: (248) 744-4440
E: Brian@DaileyLawyers.com

_____/

*There is no other pending or resolved civil action arising
out of the transaction or occurrence alleged in the Complaint.*

    /s/ Brian T. Dailey
    ***Brian T. Dailey (P39945)***

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, James Shaeffer, by and though his attorney, Brian T. Dailey of the Dailey Law Firm, PC, and for his Complaint against the above-named Defendants states unto this Honorable Court as follows:

## JURISDICTIONAL STATEMENT

1.    Plaintiff, James Shaeffer is and at all relevant times hereto has been a citizen of the City of Huntley, County of Kane, State of Illinois.

2. Upon information and belief, Defendants Pulte Home Corporation d/b/a Del Webb is a foreign corporations incorporated under the laws of and in the State of Michigan whose registered agent in Illinois is Illinois Corporation Service C, 801 Adlai Stevenson Dr., Springfield, Illinois 62703.

3. That due to the fact that Defendant is a citizen of the State of Michigan and Plaintiff is a citizen of the State of Illinois there is complete diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.00 thereby satisfying the subject matter jurisdictional requirements of this Honorable Court and resting both personal jurisdiction and subject matter jurisdiction within this Honorable Court.

## GENERAL ALLEGATIONS

4. At all times relevant to this action, Defendants were the owners, builders, and/or developers of a residential subdivision located in the City of Huntley, County of Kane, and State of Illinois.

5. At all times relevant to this action, Defendants were the owners, and in control, of all roadways located within the subdivision, including Flagstaff Court.

6. That on or about December 26, 2009, Plaintiff was a resident of the aforementioned subdivision, living in a home located at 14225 Flagstaff Ct., Huntley, Illinois 60142, and that as such Defendants owed Plaintiff a duty of reasonable care.

7. That as a matter of Illinois law, a possessor of land who maintains a privately-owned roadway or a part thereof so that a reasonable user will believe it to be a public highway, is under a duty of care arising from the implied invitation to enter upon the roadway.

8. On or about December 26, 2009, Plaintiff, while exercising reasonable care in watching out for open and obvious hazards, arrived home and parked in the roadway in front of his home, upon exiting his vehicle and approaching the trunk of said vehicle, slipped, fell, and was injured.

9. Plaintiff's accident occurred as a direct and proximate result of Defendants negligently failing to apply the final layer of asphalt to the roadway of the subdivision, thereby creating

approximately a 1 ½ inch gap between the road surface and the curb/drainage system of the road, allowing snow and ice to accumulate in an unnatural manner on the roadway, failing to remove the hazardous condition, failing to post reasonable warnings of the hazard, or to take other corrective action.

    10.    At all times relevant to this accident and specifically at the time of the negligent actions and omissions of Defendants and the sustaining of injuries by Plaintiff, Defendants sold homes in the aforementioned subdivision, granted occupancy, and held the subdivision and its roadways open to the general public.

    11.    Defendants then and there induced home owners and their guests to believe that the roadway was a public roadway as is was the only means of access and that it was maintained in a reasonable manner.

    12.    Defendants knew or should have known of the dangerous condition created by allowing snow and ice to accumulate in the roadway without a means of allowing water and snow to drain off the roadway, removing the condition, or warning others of the danger, knowing that home owners and their guests, including Plaintiff, had no other reasonable means of access to the subdivision and the homes therein, and would thereby be exposed to the risk of injuring accidents caused thereby.

    13.    Defendants knew or should have known that Plaintiff did not know of the dangerous condition and that despite an exercise of reasonable care in looking out for open and obvious hazards, would nevertheless be exposed to a risk of serious injury.

    14.    Defendants knew or should have known that individuals, such as Plaintiff, would have been reasonable distracted when traversing the road so that reasonable individuals would not observe the danger.

    15.    Defendants knew or should have known that the dangerous condition created by allowing snow and ice to artificially accumulate on the roadway was unavoidable by Plaintiff.

## **COUNT 1 – NEGLIGENCE**

16. Plaintiff incorporates by reference his assertions contained in Paragraphs 1-15 above as fully as were such again set forth.

17. Defendants owed a duty of reasonable care to Plaintiff and notwithstanding that duty violated and breached the same in the following particulars:

   a. Failing to use ordinary care to protect Plaintiff from dangerous conditions on its premises;
   b. Failing to warn Plaintiff of all conditions on the premises that involved an unreasonable risk of harm to Plaintiff;
   c. Failing to take reasonable steps for the prevention of injuries and to warn its invitees of potential dangers or hazardous conditions;
   d. Failing to create alternate access options that would allow the Plaintiff to avoid the dangerous and hazardous conditions created on the premises;
   e. Failing to erect signage or barriers to warn Plaintiff of potential and unavoidable hazards or to preclude Plaintiff from entry into an area where such hazards existed;
   f. Failing to inspect and maintain the premises in a reasonably safe condition so as not to create a dangerous and hazardous condition for persons who were upon the premises;
   g. Failing to hire and employ personnel or staff that would properly maintain the premises and not allow a potentially hazardous condition to remain or to take reasonable steps to post warning signs or barriers when found and during routine maintenance activities;
   h. Such other breaches of the standard of care as are discovered throughout the course and scope of this case.

18. As a result of Defendants' negligence as described, Plaintiff sustained injuries of a personal nature, which have caused him pain, suffering, disability and mental anguish.

19. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has also sustained damages which include, but are not limited to:

   a. lost potential for employment opportunities promotions and advancements;
   b. pain and suffering, past and future, including but not limited to:
      1) physical pain and suffering;
      2) mental anguish;
      3) denial of social pleasure;
      4) embarrassment, humiliation and mortification;
   c. medical expenses, past, present and future;
   d. short-term inability to preform daily tasks and chores;
   e. such other damages as are allowable under Illinois law.

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in his favor and against Defendants in an amount that the jury or Court determines to be fair, just and adequate compensation for the injuries and damages sustained by Plaintiff in excess of $75,000.00, together with allowable costs, interest and attorney fees sustained.

Respectfully Submitted,

**DAILEY LAW FIRM, PC**

/s/ Brian T. Dailey_____
Brian T. Dailey (P39945)
28000 Woodward Ave., Ste. 201
Royal Oak, MI 48067
(248) 744-5500

December 15, 2011