**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JAMES SCHAEFFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11 cv 8908 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| PULTE HOME CORPORATION, a Michigan | ) | |
| Corporation, d/b/a, DEL WEBB, DELL WEBB | ) | |
| COMMUNITIES OF ILLINOIS, INC., an Arizona | ) | |
| Corporation d/b/a DEL WEBB and/or DEL | ) | |
| WEBB'S SUN CITY, and JOHN DOE | ) | |
| CORPORATION d/b/a DEL WEBB and/or DEL | ) | |
| WEBB'S SUN CITY, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**Memorandum Opinion and Order**</u>

Plaintiff James Schaeffer filed the instant personal injury lawsuit to recover damages for injuries that Schaeffer alleges he sustained when he slipped on unnaturally accumulated snow and ice negligently caused by defendant Del Webb Communities of Illinois, Inc. ("Del Webb"). Del Webb moves for summary judgment [45] asserting that it had no duty to remove naturally accumulated ice and snow, the record evidence does not establish that the condition was unnaturally accumulated or aggravated by Del Webb's negligence, and Del Webb is entitled to judgment as a matter of law. For the reasons contained herein the Court grants Del Webb's motion.

**Background**

Schaeffer failed to comply with Local Rule 56.1(b) by filing a response to Del Webb's LR 56.1(a) Statement of Undisputed Material Facts and by filing a Statement of Additional Facts requiring denial of summary judgment. Accordingly, the Court deems admitted Del Webb's LR

1

56.1 Statement of Undisputed Material Facts. N.D. Ill. L.R.56.1(b)(3)(C); *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 632 (7th Cir. 2009).

On December 25 and 26, 2009, the Chicago area experienced a winter storm that deposited at least 6 inches of snow in Huntley, Illinois, where James Schaeffer lives with his wife. On the morning of December 25, 2009, Schaeffer and his wife left their home at 14225 Flagstaff Court in Huntley, Illinois, and drove to Milwaukee, Wisconsin, and then to their daughter's home in Lake Villa, Illinois, where they stayed overnight. On December 26, 2009, Schaeffer and his wife drove from Lake Villa to Arlington Heights, Illinois, to visit Mrs. Schaeffer's mother. Moderate to heavy snow was falling during their drive to Arlington Heights, causing Schaeffer to drive slowly. When the Schaeffers left Arlington Heights later that day to return to their home in Huntley, moderate to heavy snow was still falling.

Approximately six inches of snow covered Flagstaff Court when Schaeffer arrived home at approximately 3:50 or 4:00 p.m. on December 26, 2009. Schaeffer does not know whether the six inches of snow on the road on Flagstaff Court was the totality of the snow that had fallen that day or whether there had been other snow that had been plowed away, and then six additional inches had fallen. Schaeffer usually parked in his garage, but he did not want to drag snow into the garage so he parked parallel to the curb directly in front of his driveway. On previous occasions when Schaeffer parked his car in the street due to snow, he had to be particularly careful when he got out of the car because of the snow. As is typical in the Chicago area, winter conditions on the street, sidewalk, and front walk to Schaeffer's home could be slippery. In the Schaeffer's community, it is the homeowners' responsibility to remove snow and ice from the driveways, sidewalks, and front walks in front of their homes.

When Schaeffer got out of the car, he went to the rear to unload items from the trunk. As he got to rear of the car, he lost his footing and fell to the ground. It was still snowing when Schaeffer fell. He did not catch his foot on anything. He believes that he fell on a patch of ice, but does not know how big the patch of ice was or how long it had been in there when he slipped. Schaeffer also does not know how the ice formed at the location of his fall.

Del Webb is a wholly owned subsidiary of Pulte Homes and is the developer of the Del Webb Sun City community in Huntley, Illinois, where Schaeffer lives. Schaeffer believes that Del Webb is responsible for plowing Flagstaff Court, but Schaeffer could not say how told him that or when they told him. Del Webb hired The Brickman Group Ltd. LLC ("Brickman") to remove ice and snow in the Sun City Huntley development. Between 9:30 a.m. and 7:30 p.m. on December 26, 2009, Brickman and its subcontractors logged 23 man-hours in Sun City Huntley plowing snow. Schaeffer did not know how many times his street was plowed on December 26, 2009, or when the last time a plow when down his street before his fall. Schaeffer testified that he does not believe that Pulte/Del Webb or Brickman were required to place signs up warning people of the potential danger from snow and ice in the area where he fell.

Schaeffer moved into his house in 2007 when it was newly constructed. At that time, Schaeffer noticed that the final layer of pavement had not been applied to Flagstaff Court. Because the final layer of asphalt had not yet been applied, there was a 1.5 inch height difference between the pavement and the curb in 2007, 2008, and 2009. Schaeffer does not recall seeing any documentation of the builder's legal or contractual responsibility for completing the pavement in the roadway. Prior to his fall, Schaeffer never complained to anyone about the pavement or the height difference between the road and the curb. Schaeffer did not slip or trip on

the 1.5 inch height difference between the asphalt and the curb when he fell on December 26, 2009.

Schaeffer testified that between 2007 when he moved in to December 26, 2009, when he fell, he would see patches of water in the street, which sometimes froze when the temperature dropped. The areas where water pools in the road are scattered and depend on whether it rained before the snow and the amount of snow. The water never pooled in any specific area at any given time after any given weather event. The areas where water would typically pool were not in front of Schaeffer's house. Schaeffer never complained to anyone about water pooling in the street and he does not know if anyone complained or brought the issue to the attention of Pulte/Del Webb, Brickman, or the homeowners' association.

Neither Schaeffer nor his wife could say that they observed evidence of pooling water or ice forming in the area of Schaeffer's fall prior to December 26, 2009. Schaeffer does not recall if he saw any water accumulated by the curb in front of his house before the snow started on December 25, 2009. He also could not say that any raining or thawing occurred on December 25 or 26 in the location of his fall.

**Legal Standard**

Summary judgment is appropriate where the undisputed evidence demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(a). A genuine issue of material fact exists only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). When reviewing a motion for summary judgment, the court must view the facts and draw all reasonable

inferences in the light most favorable to the non-moving party. *See Schuster v. Lucent Technologies, Inc*., 327 F.3d 569, 573 (7th Cir. 2003).

**Discussion**

Schaeffer alleges that Del Webb negligently allowed an unnatural accumulation of ice and snow to form on Flagstaff Court in front of Schaeffer's home by failing to apply the final layer of paving. To recover damages based on negligence, Schaeffer must prove that Del Webb owed him a duty, that Del Webb breached that duty, and that the breach was the proximate cause of Schaeffer's injury. *See Krywin v. The Chicago Transit Authority,* 238 Ill. 2d 215, 225, 938 N.E.2d 440 (Ill. 2010). "The relevant question is whether the defendant's conduct is a material element and a substantial factor in bringing about the injury. Conduct is a material element and a substantial factor if, absent the conduct, the injury would not have occurred." *Id.* at 226.

Del Webb argues that it owed no duty to Schaeffer because the accumulation of snow and ice was naturally occurring. Whether a duty exists is a question of law for the court to decide. *Rhodes v. Illinois Central Gulf R.R.,* 172 Ill. 2d 213, 227, 665 N.E.2d 1260 (Ill. 1996). A landowner has no duty to remove natural accumulations of ice, snow, or water from its property. *Harkins v. System Parking, Inc.*, 186 Ill. App. 3d 869, 872, 542 N.E.2d 921 (1st Dist. 1989). "However, a property owner does owe a duty and may be liable where the injuries are caused by an unnatural accumulation of ice and snow or the owner aggravates a natural condition." *Id.*

Schaeffer asserts that Del Webb's failure to apply the final layer of paving to the roadway caused an unnatural accumulation of snow and ice. Schaeffer must either show a direct link, or he must provide circumstantial evidence through an expert, creating a causal nexus between the incomplete paving and an unnatural accumulation of snow or ice causing him to slip. *See Ciciora v. CCAA, Inc.,* 581 F.3d 480, 483 (7th Cir. 2009); *Madeo v. Tri-Land Properties, Inc.*, 239

Ill.App.3d 288, 294, 606 N.E.2d 701 (2d Dist. 1992). Schaeffer submits photographs as well as the testimony of his neighbor Ken Zehnder in support of his assertion that the unfinished asphalt caused an unnatural accumulation of ice.

Pursuant to Federal Rule of Civil Procedure 56(c)(2), Del Webb objects to the photographs as inadmissible for lack of proper authentication. *See Fed. R. Civ. P. 56(e)*; *Scott v. Edinburg*, 346 F.3d 752, 760 n.7 (7th Cir. 2003) (stating that evidence relied upon to defeat a motion for summary judgment must be evidence of a type admissible at trial). Indeed, Schaeffer does not support the photographs with an affidavit as is required, stating only in his response brief that the six photographs were taken by plaintiff "after his fall and prior to Defendant placing the final layer of asphalt on the roadway." Even if the photographs were admissible evidence, they do not create a genuine issue of material fact. The photographs purport to show a roadway, but there is no indication from the photographs where in relation to Schaffer's fall the photographs are taken or whether the conditions depicted therein are in any way comparable to the conditions on December 26, 2009. Thus, they do not provide evidence from which a jury could infer that the condition of the pavement caused an unnatural accumulation of ice.

Mr. Zehnder's testimony is similarly speculative. Mr. Zehnder testified that he had observed pooling in the street causing unnatural accumulations of rain and/or ice, which he believed to be a result of the incomplete paving. Mr. Zehnder is not an expert in paving or proper methods of road grading for drainage and his lay opinion is thus based on speculation. Schaeffer has not presented any expert testimony to support his theory of unnatural accumulation. Therefore, Schaeffer has shown neither a direct link nor a circumstantial one between the condition of the road surface and the accumulation of ice. To survive summary judgment, it is

not enough that Schaeffer invites speculation as to the cause of the ice. *Madeo*, 239 Ill.App.3d at 294.

The situation here is similar to that in *Crane v. Triangle Plaza, Inc.*, 228 Ill.App.3d 325, 591 N.E.2d 936 (2d Dist. 1992), where the court held that Mrs. Crane's testimony that she was "99 99/100% [sic] sure that the ice was formed by the melting of unnaturally accumulated snow" was insufficient to survive summary judgment. The court also rejected Mrs. Crane's position that a parking lot which is rough and full of holes is an unnatural surface as a matter of law and a question of fact always exists when ice forms on a rough, bumpy parking lot. *Crane*, 228 Ill. App. 3d at 332.

Not only has Schaeffer failed to present evidence creating a genuine issue of material fact on the issue of Del Webb causing an unnatural accumulation of snow or ice based on the condition of the pavement, the undisputed evidence in this case shows that it was still snowing when Schaeffer fell. "Where the precipitation is recent or continuous, the duty to remove such obstruction as it forms cannot be imposed, and the dangers therefrom are viewed as the normal hazards of life, for which no owner or person in possession of property is held responsible." *Schoondyke v. Heil, Heil, Smart & Golee, Inc.,* 89 Ill.App.3d 640, 643, 411 N.E.2d 1168 (1st Dist. 1980); *Burke v. The City of Chicago,* 160 Ill.App.3d 953, 956, 513 N.E.2d 984 (1st Dist. 1987); *McCarthy v. Hidden Lake Village Condominium Asso.*, 186 Ill. App. 3d 752, 756 (1st Dist. 1989). Here, at most, Schaeffer has identified a potential source of an unnatural accumulation – the unfinished pavement – but has not presented any evidence to support a causal link between Del Webb's failure to apply the final layer of asphalt and an unnatural accumulation of ice or snow, particularly where it was still snowing. More is required to survive summary judgment. *See Ciciora,* 581 F.3d at 483; *Asmus v. Mac's Convenience Stores, LLC,*

2011 U.S. Dist. LEXIS 15048, *14 (N.D.Ill. Feb. 11, 2011). Accordingly, this Court finds that Schaeffer has failed to meet his burden to present evidence from which a jury could reasonably conclude that his injury was the result of an unnatural accumulation of ice or snow caused by Del Webb's failure to apply the final layer of asphalt.

Based on the foregoing, this Court grants summary judgment in favor of Del Webb.

IT IS SO ORDERED.

Date: September 18, 2013

Entered: _____
U.S. District Judge